James Henry **MEADOR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19423.

United States Court of Appeals Ninth Circuit.

Feb. 4, 1965.

James R. McCall, Breed, Robinson & Stewart, Oakland, Cal., for appellant.

Jo Ann D. Diamos, U. S. Atty., Tom Karas, Richard Gormley, Asst. U. S. Attys., Phoenix, Ariz., for appellee.

Before ORR, BARNES and KOELSCH, Circuit Judges.

ORR, Circuit Judge:

Appellant Meador was charged and convicted of the crime of kidnapping. 18 U.S.C. § 1201. The facts are as follows. Meador and two others were confined in the county jail in Florence, Arizona. They feigned illness and prevailed upon a Deputy Sheriff to take them to a hospital for treatment. During the trip to the hospital the defendants overpowered the deputy and secured his gun. They then entered a Sheriff's car and drove toward Phoenix. They forced the deputy to accompany them, and later forced him to enter the trunk. Shortly thereafter, they overtook and stopped a car driven by Mrs. Gladah Anderson. With her were two daughters, aged 12 and 2. Defendants entered her car and proceeded to Las

Vegas, Nevada, taking Mrs. Anderson and the two children with them. In Las Vegas they stopped at a motel. Later the defendants left the motel, leaving Mrs. Anderson and the elder daughter bound and gagged. The Andersons freed themselves and summoned help. The defendants were soon apprehended and returned to Arizona for trial.

All three defendants entered pleas of not guilty. Appellant Meador asked for a hearing as to his sanity. A hearing was granted and he was found competent to stand trial and to assist counsel in the preparation for trial. A co-defendant, Byrne, changed his plea from not guilty to guilty and was sentenced.

Motions made by appellant for a separate trial and for change of venue were denied. Co-defendant McDaniel and appellant Meador were jointly tried and convicted.

Meador asserts here that his conviction should be reversed on two grounds.

■ First, he urges that the trial court erred in refusing to grant a severance of trial under Rule 14, Federal Rules of Criminal Procedure. He contends that failure to grant a severance resulted in prejudice to him, arguing that certain testimony had a substantial influence upon the jury in finding a verdict of guilty against him. Part of the testimony complained of related to the arrest of McDaniel and Byrne. This was admitted for the limited purpose of showing that they were in the general vicinity of the alleged crime. Later, however, the court ordered the testimony of one of the two arresting officers, and pictures taken by him, to be stricken from the record. The only other testimony complained of consisted of admissions by McDaniel, implicating Meador. This evidence was admitted under careful instructions by the court to the jury to consider said testimony only as against defendant McDaniel. Also, the court in its final instructions again admonished the jury to confine their consideration of evidence admitted for a limited purpose to that purpose. In light of the circumstances of this case

the testimony complained of could not have prejudiced appellant.

It is abundantly clear that this ground has no merit, because the evidence as to appellant's participation in the above-related transactions is overwhelming. The co-defendant McDaniel offered the defense that he was forced to take part in the kidnapping under threats from his co-defendants that put him in fear of his life. In support of this defense appellant Meador was called to the witness stand and testified in detail as to the commission of the crime—and his participation in it. Meador also made a confession which was introduced in evidence without objection. The confession was freely and voluntarily made after full information had been given him as to his rights. He was advised that he was not required to talk, that he had a right to talk to a lawyer, and that any statement he made could be used against him in a court of law. In his opening statement counsel for appellant stated that "there can only be one defense available to this man, and that is insanity * * *." After a full and fair hearing appellant was found to be sane.

■ Meador's second ground of appeal is that the court erred in denying his motion for change of venue, under Rule 21, Federal Rules of Criminal Procedure. He contends that a fair and impartial trial could not have been obtained in the United States District Court for the District of Arizona, because of a widespread prejudice which existed against the defendant in that district. In support of his motion appellant's counsel asserted that the local news media were full of inflammatory material about appellant. There is no showing that this was the case. In fact, out of 32 prospective jurors comprising the panel who were asked if they had heard of the case only 4 answered that they had read about it. The four who had read of the case were examined as to their state of mind and each answered that he had not formed an opinion as to the guilt or innocence of the defendants.

No questions were asked of the four by appellant's counsel, who passed all four for cause. Two of the four did not serve on the trial jury. The other two could have been eliminated by peremptory challenges which appellant had available. It does not appear that the appellant was in any way prejudiced by reason of the refusal of the trial court to grant said motions for severance and for change of venue.

Affirmed.